

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff(s),
v.

JODIA CAMPBELL,

        Defendant(s).

**REPORT AND RECOMMENDATION**
14-CR-6116

## Procedural History

By text Order of Judge Elizabeth A. Wolford dated July 8, 2014, all pretrial motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket # 10). Defendant Jodia Campbell (hereinafter Campbell or defendant) has been charged in a three-count Indictment for (i) sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), (ii) transportation of a minor in violation of 18 U.S.C. §§ 2423(a) and 2, and (iii) transportation of a person in violation of 18 U.S.C. §§ 2421(a) and 2. See Superceding Indictment (Docket # 11).

On December 22, 2014, defendant filed an omnibus motion seeking various forms of pretrial relief. (Docket # 33). The Government filed a response in opposition to defendant's motion. (Docket # 40). On February 18, 2015, a hearing was held and arguments were heard from the parties' attorneys. During the hearing, the majority of defendant's omnibus motion was resolved. See Order (Docket # 42). The Court reserved on defendant's motions to suppress and to dismiss the Indictment. On March 4 and March 5,

2015, the Government and defendant submitted supplemental letter briefs. See Docket ## 50, 51. The following is my Report and Recommendation as to the remaining motions.

## Discussion

Motion to Dismiss Counts I and II: Counts I and II of the Superceding Indictment charge Campbell with sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2).[1] Campbell moves to dismiss the Indictment "based on the unconstitutionality of 18 U.S.C. § 1591(a)(1)." See Defendant's Omnibus Motion (Docket # 33) at ¶ 12.[2] Specifically, Campbell argues that 18 U.S.C. § 1591(a)(1) exceeds Congress's Commerce Clause authority because it seeks to "criminalize wholly intrastate activities." See Defendant's Omnibus Motion (Docket # 33) at ¶ 11.

18 U.S.C. § 1591(a) was enacted as part of the Victims of Trafficking and Violence Protection Act of 2000 (Public Law 106-386) ("TVPA") and provides:

---

[1] Count I charges Campbell with conspiring with others to violate 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2). Count II charges Campbell with substantively violating 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2).

[2] The defendant's motion seeks an Order "dismissing the Indictment" but the motion itself is addressed to the counts alleging a violation of 18 U.S.C. § 1591. The original Indictment (Docket # 9) only alleged violations of § 1591, but the Superceding Indictment (Docket # 11) also charged the defendant with interstate transportation of a minor to engage in prostitution in violation of 18 U.S.C. § 2421(a).

2

> Whoever knowingly-
>
> > (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
> >
> > (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

The term "commercial sex act" is defined in § 1591(e)(3) as "any sex act, on account of which anything of value is given to or received by any person."

In seeking to dismiss Counts I and II, counsel for the defendant informed the Court that after spending "considerable time researching this issue" he was unable to find "any case law striking down" § 1591 pursuant to a Commerce Clause challenge and instead found several cases upholding the law as a proper exercise of Congress's Commerce Clause powers even though the conduct at issue involved only <u>intrastate</u> activity. See Defendant's Supplemental Letter Brief (Docket # 51) at p. 1. The Court has similarly failed to locate any case that supports the defendant's position.

3

The Commerce Clause of the United States Constitution grants Congress "the power to regulate activities that substantially affect interstate commerce." Gonzales v. Raich, 545 U.S. 1, 17 (2005). In United States v. Lopez, 514 U.S. 549, 558-59 (1995), the Supreme Court held that one type of activity that Congress may regulate through the Commerce Clause is an activity that "substantially affect[s] interstate commerce." Several years after Lopez was decided, the Supreme Court articulated "four factors to be weighed in determining whether an activity substantially affects interstate commerce: (1) whether the regulated activity is economic in nature; (2) whether the statute contains an 'express jurisdictional element' linking its scope in some way to interstate commerce; (3) whether Congress made express findings regarding the effects of the regulated activity on interstate commerce; and (4) attenuation of the link between the regulated activity and interstate commerce." United States v. Guzman, 591 F.3d 83, 89-90 (2d Cir. 2010)(quoting United States v. Morrison, 529 U.S. 598, 611-12 (2000)).

The cases analyzing whether the sex trafficking of children as prohibited by § 1591(a) "substantially affects" interstate commerce all conclude that the statute is a proper exercise of Congress's Commerce Clause power. For example, in United States v. Paris, No. 03:05-CR-64 (CFD), 2007 WL 3124724, at **7-8 (D. Conn. Oct. 24, 2007), the court applied Morrison's four factor test to section

4

1591(a)(1) and concluded the statute was constitutional under Congress's Commerce Clause authority:

> First, commercial sex acts are economic in nature. Second, section 1591 has a jurisdictional element, requiring the jury to find that the activity affected interstate commerce. Third, in enacting the Trafficking Victims Protection Act, Congress found that "Trafficking in persons substantially affects interstate and foreign commerce." 22 U.S.C. § 7101(b)(12). Fourth, as discussed more fully below, there is a clear nexus between Paris's intrastate recruiting and obtaining of women to commit commercial sex acts, the interstate aspects of Paris's business, and the interstate market for commercial sex. [citation omitted]. Accordingly, the Court finds that it was within Congress's power to regulate Paris's intrastate recruiting and obtaining of women to perform commercial sex acts.

See also United States v. Evans, 476 F.3d 1176, 1179 (11th Cir. 2007)(Congress found that human trafficking, "particularly of women and children in the sex industry ... has an aggregate economic impact on interstate and foreign commerce" and that finding is not "irrational"); United States v. Chappell, Crim. No. 09-139, 2010 WL 1131474, at *7 (D. Minn. Jan. 12, 2010)(agreeing with the "[s]everal courts [that] have concluded that § 1591 satisfies each of these four factors" set forth by the Supreme Court in Morrison). I agree with the reasoning set forth by those courts that have found sex trafficking as having a substantial affect on interstate commerce. Therefore I conclude that Congress's enactment of § 1591(a)(1) was a valid exercise of its powers under the Commerce Clause.

Finally, to the extent that Campbell is arguing that even if

5

sex trafficking generally affects interstate commerce, her conduct here was entirely intrastate and therefore could have no impact on interstate commerce, such an argument is misplaced after the Court's holding in Raich. As the Second Circuit explained: "What matters, instead, is that the overall class of activity has the requisite interstate effects. [citation omitted] So long as 'a general regulatory statute bears a substantial relation to commerce,' the fact that individual transactions have a negligible impact on interstate commerce 'is of no consequence' in determining Congress's commerce power. Raich, 545 U.S. at 17 (internal quotation marks omitted)." United States v. Needham, 604 F.3d 673, 684 (2d Cir. 2010); see United States v. Rivera, No. 09-CR-619, 2012 WL 2339318, **13-14 (E.D.N.Y. June 19, 2012)(in an individual case only a *de minimis* or very slight effect on interstate commerce must be proven by the government).[3]

In sum, I find that it was within Congress's Commerce Clause power to regulate the intrastate recruiting and obtaining of women and minors to perform commercial sex acts. Accordingly, it is my

---

[3] In Rivera, the *de minimis* effect on interstate commerce was proven by, among other things, the defendants' use of cellular telephones to further their criminal activities. 2012 WL 2339318, at *14. While nothing in this Report and Recommendation is intended to preclude the defendant from making a Rule 29 motion to dismiss at the end of the Government's proof, the Court notes that the criminal complaint filed in this case alleged that cellular telephones were used by the defendants in connection with prostituting the minor victim. See Affidavit of Brian K. Tucker annexed to Docket # 1.

Report and Recommendation that defendant's motion for dismissal of the Counts charging her with violating 18 U.S.C. § 1591 be denied.

<u>Motion to Suppress Statements</u>: In her omnibus motion, defendant moves to suppress statements she made to law enforcement. (Docket # 33). However, by letter dated March 5, 2015, defense counsel clarified the nature of the relief being requested by stating that defendant does "not object to the officers' testimony as to what questions Defendant was asked and what her actual responses were" and, accordingly, does "not request suppression of those statements." <u>See</u> Docket # 51. Defense counsel explains that he is objecting to any testimony by law enforcement that attempts to "summarize" or "interpret" Ms. Campbell's statements and "reserve[s] the right to make a formal motion *in limine* prior to trial." <u>Id.</u>

In light of defense counsel's March 5th letter to the Court, the defendant's motion to suppress statements is deemed withdrawn. Any relief Campbell seeks to limit the scope of the Government's proof is best left to the trial judge pursuant to a formal motion *in limine* made prior to trial.

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that defendant's motions (Docket # 33) to dismiss the Indictment be **denied**, and to suppress statements be **deemed withdrawn**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   May 13, 2015
         Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[4]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., *Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated:   May 13, 2015
         Rochester, New York

---

[4] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).