UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
JUN 2 2 2015
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**

6:14-CR-6116 EAW

JODIA CAMPBELL,

Defendant.

Defendant Jodia Campbell ("Defendant") is charged by superseding indictment with four counts of alleged sex-related offenses. (Dkt. 11). By text order dated July 8, 2014, this case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Dkt. 10).

Defendant is charged in counts one through four of the superseding indictment. (Dkt. 11). Count one alleges conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c); count two alleges sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 2; count three alleges transportation of a minor, with the intent that the minor engage in prostitution and sexual activity, in violation of 18 U.S.C. §§ 2423(a) and 2; and count four alleges transportation of a person, with the intent that such person engage in prostitution and sexual activity, in violation of 18 U.S.C. §§ 2421(a) and 2. (*Id.*).

Defendant has filed objections to Judge Feldman's Report and Recommendation that the Court deny Defendant's motion to dismiss counts one and two of the superseding

- 1 -

indictment.  After reviewing the parties' omnibus pretrial motion submissions (Dkt. 33, 40, 50, 51), Judge Feldman's Report and Recommendation (Dkt. 56), and Defendant's objections to the Report and Recommendation (Dkt. 58), the Court adopts the Report and Recommendation in its entirety.

## PROCEDURAL HISTORY

On December 22, 2014, Defendant filed an omnibus pretrial motion, seeking various forms of pretrial relief.  (Dkt. 33).  The Government filed a response to the motion.  (Dkt. 40).  After receiving submissions from the parties, on February 18, 2015, Judge Feldman heard oral argument as to Defendant's omnibus motion.  (Dkt. 56 at 1). During the hearing, the majority of Defendant's omnibus motion was resolved.  (*Id.*; *see also* Dkt. 42).  The Court reserved decision on Defendant's motions to suppress and to dismiss counts one and two of the superseding indictment.  (Dkt. 56 at 1).  On March 4, 2015, and March 5, 2015, the Government and Defendant submitted supplemental letter briefs relating to the motions to dismiss and suppress.  (Dkt. 50, 51).

On May 13, 2015, Judge Feldman issued a written Report and Recommendation, recommending denial of Defendant's motion to dismiss counts one and two of the superseding indictment.  (Dkt. 56)  Judge Feldman also recommended that the Court deem Defendant's motion to suppress to be withdrawn.  (*Id.*).

On May 28, 2015, Defendant filed objections to Judge Feldman's Report and Recommendation.  (Dkt. 58).[1]  Defendant did not object to the recommendation that

---

[1]     Objections were due fourteen days after issuance of Judge Feldman's Report and Recommendation – by May 27, 2015.  Defendant's objections were filed one day late, on

Defendant's motion to suppress be deemed withdrawn, but did object to Judge Feldman's recommendation that the Court deny Defendant's motion to dismiss counts one and two of the superseding indictment. (*Id.*).

## **DISCUSSION**

### I.   **Legal Standard**

A district court reviews any specific objections to a report and recommendation under a *de novo* standard.  Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings).  To trigger the *de novo* review standard, objections to a report "'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  Following review of the report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *Male Juvenile*, 121 F.3d at 38 ("We

May 28, 2015.  (Dkt. 58).  Because the Court has discretion to grant an extension (*see* L. R. Crim. P. 59(b)(2)), the Court will exercise its discretion to do so, and accept Defendant's late filing.

have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

## II.   Defendant's Motion to Dismiss

Defendant objects to the following portions of Judge Feldman's Report and Recommendation: (1) the Court's finding that 18 U.S.C. § 1591 is a valid exercise of Congress's power under the commerce clause of the United States Constitution; (2) the Court's finding that the commerce clause empowers Congress to regulate wholly intrastate (rather than interstate) recruiting and obtaining of women and minors to perform commercial sex acts; and (3) the Court's denial of Defendant's motion to dismiss counts one and two of the superseding indictment.  (Dkt. 58 at 1).

18 U.S.C. § 1591 was enacted as part of the Trafficking Victims Protection Act of 2000 ("TVPA").  Section 1591(a) states:

Whoever knowingly—

(1)     in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or

(2)     benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a).   The term "commercial sex act" is defined as "any sex act, on account of which anything of value is given to or received by any person."   *Id.* § 1591(e)(3).

The commerce clause of the United States Constitution grants Congress power to "'regulate Commerce . . . among several states.'"   *Am. Trucking Ass'n v. Mich. PSC*, 545 U.S. 429, 433 (2005) (quoting U.S. Const. art. I, § 8, cl. 3).   There are three categories of power under the commerce clause:

> (1) [to] regulate the use of the channels of interstate commerce; (2) to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities; and (3) to regulate those activities having a substantial relation to interstate commerce.

*United States v. Robbins*, 729 F.3d 131, 134 (2d Cir. 2013) (alteration in original; internal quotation and citations omitted), *cert. denied*, 134 S. Ct. 968 (2014).   The third category includes Congress's power "to regulate activities that substantially affect interstate commerce." *Gonzales v. Raich,* 545 U.S. 1, 17 (2005); *see also United States v. Lopez*, 514 U.S. 549, 558-59 (1995).   Four factors are weighed in determining whether an activity substantially affects interstate commerce: "(1) whether the regulated activity is economic in nature; (2) whether the statute contains an 'express jurisdictional element' linking its scope in some way to interstate commerce; (3) whether Congress made express findings regarding the effects of the regulated activity on interstate commerce; and (4) attenuation of the link between the regulated activity and interstate commerce." *United States v. Guzman*, 591 F.3d 83, 89 (2d Cir. 2010) (quoting *United States v. Morrison*, 529 U.S. 598, 611-12 (2000)).

In the May 13, 2015 Report and Recommendation, Judge Feldman found that Congress's enactment of § 1591(a) was a valid exercise of its powers under the commerce clause because the statute regulates activity substantially affecting interstate commerce, and other courts confronting this question have found the statute constitutional.  (Dkt. 56 at 4-5).  Judge Feldman also found that even if Defendant's conduct was entirely intrastate, she was not entitled to dismissal in light of the United States Supreme Court decision in *Raich*, where the Court found that so long as "a general regulatory statute bears a substantial relation to commerce, the *de minimis* character of individual instances arising under that statute is of no consequence."  545 U.S. at 17 (internal quotations and citations omitted).  (*See* Dkt. 56 at 6).[2]

Defendant's omnibus motion briefing this issue does not include any case law finding § 1591(a) to be an unconstitutional exercise of Congress's power under the commerce clause.  (Dkt. 33).  Instead, while acknowledging the lack of supporting case law (Dkt. 51 at 1), Defendant argues that the primary purpose of § 1591 is law

---

[2]      In its response to Defendant's motion to dismiss, the Government contended that § 1591(a) is also a valid exercise of Congress's power under the "in and affecting" interstate commerce and the "channels and instrumentalities" of interstate commerce categories.  (Dkt. 40 at 9).  The Government cited *United States v. Han*, 230 F.3d 560 (2d Cir. 2000), where the Second Circuit Court of Appeals upheld the constitutionality of 18 U.S.C. § 2423(b), which criminalizes travel in interstate commerce for the purpose of engaging in illicit sexual activity with a minor.  *Id.* at 562.  The court rejected the defendant's argument that the statute did not meet the "substantially affects interstate commerce" standard, as that particular standard did not apply.  *Id.*  The court instead found that the statute was constitutional because it regulated channels of interstate commerce.  *Id.*  Judge Feldman did not reach this issue in his Report and Recommendation, and this Court similarly finds it unnecessary to reach this issue, because § 1591(a) plainly regulates activity that substantially affects interstate commerce.

enforcement and, given that Congress "lacks a 'plenary police power' . . . it may not properly criminalize wholly intrastate activities." (*Id.* at 31). Judge Feldman noted in his Report and Recommendation that he was unable to find any cases invalidating § 1591(a) as an improper exercise of Congress's power under the commerce clause (Dkt. 56 at 3), and this Court has similarly been unable to identify any case law holding that § 1591(a) is unconstitutional.

The Supreme Court of the United States has directed that courts should not "impute to Congress an intent to pass legislation that is inconsistent with the Constitution as construed by this Court." *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 73 (1994). Courts must not declare an act to be unconstitutional "unless it is clearly so. If there is doubt, the expressed will of the legislature should be sustained." *Munn v. Ill.*, 94 U.S. 113, 123 (1876). Indeed, "[a] facial challenge to a legislative act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *City of N.Y. v. United States*, 179 F.3d 29, 33 (2d Cir. 1999) (internal quotation and citation omitted).

The leading case on the constitutionality of § 1591(a) appears to be *United States v. Evans*, 476 F.3d 1176 (11th Cir. 2007). In *Evans*, the defendant challenged the constitutionality of his conviction pursuant to § 1591(a)(1), as applied to his purely local actions and the sufficiency of the stipulated facts to satisfy the jurisdictional interstate commerce elements of the offense. *Id.* at 1177. Specifically, the defendant argued that because his conduct involving the Jane Doe victim occurred solely within the state of Florida, the conduct did not impact interstate commerce. *Id.* at 1178.

- 7 -

The Eleventh Circuit disagreed. It noted that the Supreme Court of the United States has interpreted Congress's power to regulate activities affecting interstate commerce to include the "'power to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce.'" *Id.* (quoting *Raich*, 545 U.S. at 17). The court found that established precedent foreclosed the defendant's challenge to the constitutionality of § 1591(a)(1) as applied to his activities occurring solely within the state of Florida. *Id.* at 1179. The court also noted that the TVPA is part of a comprehensive regulatory scheme, and "Congress found that trafficking of persons has an aggregate economic impact on interstate and foreign commerce . . . and we cannot say that this finding is irrational." *Id.* The Court concluded that "[the defendant's] enticement of Jane Doe to commit prostitution, even though his actions occurred solely in Florida, had the capacity when considered in the aggregate with similar conduct by others, to frustrate Congress's broader regulation of interstate and foreign economic activity." *Id.*

A similar conclusion was reached in *United States v. Paris*, No. 03:06-cr-64 (CFD), 2007 WL 3124724 (D. Conn. 2007), an in-circuit case by then District Judge Christopher F. Droney, who now sits on the Second Circuit Court of Appeals. In *Paris*, the defendant was charged with multiple counts of sex trafficking of a minor, in violation of § 1591. *Id.* at *1. Following his conviction at trial on all counts, the defendant moved for judgment of acquittal, pursuant to Fed. R. Crim. P. 29, arguing that Congress has no power to regulate sex trafficking where the "recruiting, enticing, harboring, transporting, providing or obtaining of the trafficked person was performed intrastate. . . ." *Id.* at *7.

Judge Droney found that § 1591(a) satisfied the four factors relevant to determining whether a law regulates an activity that has a substantial effect on interstate commerce:

> First, commercial sex acts are economic in nature. Second, section 1591 has a jurisdictional element, requiring the jury to find that the activity affected interstate commerce. Third, in enacting the [TVPA] . . . Congress found that "Trafficking in persons substantially affects interstate and foreign commerce." Fourth . . . there is a clear nexus between [the defendant's] intrastate recruiting and obtaining of women to commit commercial sex acts, the interstate aspects of [the defendant's] business, and the interstate market for commercial sex.

*Id*. at *8 (internal citations omitted). As a result, the court concluded that Congress had the power to regulate the defendant's intrastate recruiting and obtaining women to perform commercial sex acts. *Id*.

Other courts addressing this issue have similarly found that § 1591 is a valid exercise of Congress's power under the commerce clause. *See United States v. Walls*, 784 F.3d 543, 548 (9th Cir. 2015) ("The TVPA is part of a comprehensive regulatory scheme that criminalizes and attempts to prevent slavery, involuntary servitude, and human trafficking for commercial gain. . . . Consistent with the outer limits of the commerce power defined in *Raich*, we hold that an individual instance of conduct regulated by the TVPA need only have a *de minimis* effect on interstate commerce."); *United States v. Campbell*, 770 F.3d 556, 574 (7th Cir. 2014) ("Other circuits have interpreted the interstate commerce element of the TVPA expansively."); *United States v. Phea*, 755 F.3d 255, 263 (5th Cir. 2014) (rejecting the defendant's argument that Congress could not validly regulate purely local activity under the commerce clause

pursuant to § 1591(a)); *United States v. Chappell*, No. 09-139 (JNE/JJK), 2010 WL 1131474, at *7 (D. Minn. Jan. 12, 2010) (holding that § 1591(a) satisfies the four-prong test for determining whether an activity has a substantial effect on interstate commerce, and agreeing with the *Evans* court that even if the defendant's conduct was purely local to the state of Minnesota, "his activities 'contribute to the market that Congress's comprehensive scheme seeks to stop.'").

Here, the superseding indictment alleges that Defendant engaged in a conspiracy to commit sex trafficking and sex trafficking of a minor.  (Dkt. 11 at 1-2).  It is well-settled that Congress has the "power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce." *Raich*, 545 U.S. at 17.  Defendant's alleged actions, even if occurring solely in New York, had the capacity when considered with similar conduct by others to have a substantial impact on interstate commerce.  *See Evans*, 476 F.3d at 1179.  Therefore, Defendant's conduct, as alleged, satisfies the interstate commerce element of § 1591(a), and the Court adopts Judge Feldman's Report and Recommendation on this issue.

Finally, the Court also adopts Judge Feldman's Report and Recommendation to the extent it recommends that the Court deem Defendant's motion to suppress to be withdrawn.  Defendant may raise any evidentiary issues related to suppression by a motion *in limine* prior to trial.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court adopts Judge Feldman's Report and Recommendation in its entirety.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge


Dated:      June 22, 2015
            Rochester, New York

- 11 -